JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JLC-TECH, LLC and JLC-TECH IP, LLC

**DEFENDANTS**

OKT Lighting, a/k/a Shenzhen OKT Lighting Co., Ltd., a/k/a OKT Lighting International Group Ltd.

**(b)** County of Residence of First Listed Plaintiff    Plymouth Co., MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Shenzhen City, China
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael E. Bonner, Esquire
Ansa Assuncao LLP, 1600 JFK Blvd., Suite 1600,
Philadelphia, PA  19103; T: (267) 528-0750

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government<br>Plaintiff | ☒ 3  Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government<br>Defendant | ☐ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                        *and One Box for Defendant)*

| | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>& Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>Liability<br>☐ 320 Assault, Libel &<br>Slander<br>☐ 330 Federal Employers'<br>Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>Product Liability<br>☐ 360 Other Personal<br>Injury<br>☐ 362 Personal Injury -<br>Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>Product Liability<br>☐ 367 Health Care/<br>Pharmaceutical<br>Personal Injury<br>Product Liability<br>☐ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>Property Damage<br>☐ 385 Property Damage<br>Product Liability | ☐ 625 Drug Related Seizure<br>of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>Act<br>☐ 720 Labor/Management<br>Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>Income Security Act | **BANKRUPTCY**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☒ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>☐ 871 IRS—Third Party<br>26 USC 7609 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>Act/Review or Appeal of<br>Agency Decision<br>☐ 950 Constitutionality of<br>State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>Accommodations<br>☐ 445 Amer. w/Disabilities -<br>Employment<br>☐ 446 Amer. w/Disabilities -<br>Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>Conditions of<br>Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding
☐ 2 Removed from
State Court
☐ 3 Remanded from
Appellate Court
☐ 4 Reinstated or
Reopened
☐ 5 Transferred from
Another District
*(specify)*
☐ 6 Multidistrict
Litigation -
Transfer
☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 U.S.C. 501; 35 U.S.C. 271
Brief description of cause:
Patent and copyright infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $   500,000
injunctive relief

and CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
05/04/2017

SIGNATURE OF ATTORNEY OF RECORD
*Michael Bonner* (signature)

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JLC-TECH LLC and JLC-TECH IP LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| OKT Lighting, a/k/a Shenzhen OKT | ) | JURY TRIAL DEMANDED |
| Lighting Co., Ltd., a/k/a OKT | ) | |
| Lighting International Group Ltd., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiffs JLC-Tech LLC and JLC-Tech IP LLC state as follows for their Complaint against Defendant OKT Lighting, also known as Shenzhen OKT Lighting Co., Ltd., a/k/a OKT Lighting International Group Ltd. ("OKT Lighting" or "Defendant"):

### Nature of the Action

1.      This is an action for patent and copyright infringement based upon OKT Lighting's repeated course of targeting, and then copying, JLC's intellectual property, including sales brochures, product photography and descriptions, and JLC's patented LED technology.

### Parties

2.      JLC-Tech LLC is a Massachusetts limited liability company, with its principal place of business located at 370 Corporate Park, Pembroke, Massachusetts, 02359.

3.      JLC-Tech IP LLC is a Florida limited liability company, with its principal place of business located at 4157 Pine Ridge Lane, Weston, Florida, 33331.

4.      JLC-Tech LLC and JLC-Tech IP LLC operate under common ownership.

5.      For ease of convenience, JLC-Tech, LLC and JLC-Tech IP LLC will be referred to collectively as "JLC" or "Plaintiff" and as a singular entity.

6.      The two managing members of JLC are Silvio Porciatti and Mia Antonia Santoscoy-Dougherty, and they are both residents of the Commonwealth of Massachusetts.

7.      Upon information and belief, OKT Lighting is a foreign corporation with a principal place of business at No. 2076 Jincheng Rd., Shajing, Bao'an, Shenzhen, China, and is also known as Shenchen OKT Lighting Co. and/or OKT Lighting International Group Ltd.  OKT Lighting can be served via an officer, managing or general agent, including, but not limited to, Allan Zhang.

8.      Upon information and belief, OKT Lighting has announced that it will attend the 2-17 LightFair International Trade Show and Conference, an industry trade show occurring at Philadelphia's Pennsylvania Convention Center May 7-11, 2017.

9.      Upon information and belief, OKT Lighting's action at the 2017 LightFair International Trade Show and Conference will infringe JLC's intellectual property rights.

**Jurisdiction and Venue**

10.     Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. 1332(a)(2) (international diversity), and § 1338(a) (patents and copyrights).  JLC's federal claims arise under the patent and copyright laws of the United States, specifically 35 U.S.C. §§ 101 *et seq.* (the Patent Act) and 17 U.S.C. §§ 101 *et seq.* (the Copyright Act).

11.     Subject matter jurisdiction exists over any remaining claims under 28 U.S.C. § 1367(a) because the claims are so related that they form part of the same case or controversy.

12.     The Court has personal jurisdiction over Defendant because Defendant's infringing products are offered for sale in the Commonwealth of Pennsylvania and in this judicial

district.  Defendant thereby committed the tortious acts described in Pennsylvania, and in the

judicial district, Defendant can be found in the judicial district, or otherwise established contacts

with this judicial district sufficient to make the exercise of personal jurisdiction proper.

13.     Venue is proper in the judicial district pursuant to 28 U.S.C. § 1391 because

defendant is foreign corporation and thus may be sued in this judicial district.  Venue is also

proper in this judicial district pursuant to 28 U.S.C. § 1400 because defendant or his agent may

be found here.

### Jury Demand

14.     JLC hereby demands a jury on all triable issues.

### FACTS COMMON TO ALL COUNTS

### JLC's Development of the T-BAR LED Smartlight™

15.     JLC was founded in 2010 with the goal of creating useful and unique LED

lighting fixtures.

16.     The founders of JLC have more than 30 years of combined experience in the

international lighting industry and business management.

17.     To meet its goal, JLC has invested substantial time, money, and effort developing

revolutionary LED lighting fixtures.

18.     JLC's flagship product is the T-BAR LED Smartlight™.

19.     The T-BAR LED Smartlight™ replaces harsh, florescent fixtures in suspended

ceilings and integrates into the ceiling grid itself.

20.     Exemplars of Plaintiff's T-BAR LED Smartlight™ product, installed in a ceiling

grid, are shown below:





21.     The T-BAR LED Smartlight™ product replaces ordinary structures in suspended ceilings and allows the usual florescent light fixtures to be entirely removed.

22.     The T-BAR LED Smartlight™ product is made possible because of Plaintiff's invention of a high-performance heat-dissipating system.  JLC is the owner by assignment of U.S. Patent 8,177,385 (the "'385 Patent") which claims these inventions – generally depicted in Fig. 4 of the '385 Patent.



23.     This heat dissipation system is disclosed and claimed in JLC's asserted patent in this action.

24.     The advantages of JLC's T-BAR LED Smartlight™ product are numerous and include the T-BAR LED Smartlight™ is easy to install, a "green" product that contains no mercury, can save up to 50% on energy costs with little to no additional maintenance, and presents a clean, modern look for consumers.

**JLC's Intellectual Property – U.S. Patent and Copyrights**

*A.    The Patent-in-Suit*

25.    On May 15, 2012, the United States Patent & Trademark Office ("USPTO") issued the '385 Patent, entitled "T-Bar for Suspended Ceiling with Heat Dissipation System for LED Lighting" to Silvio Porciatti. A true and accurate copy of the '385 Patent is attached as Exhibit 1.

26.    One of the commercial embodiments of the invention disclosed and claimed in the '385 Patent is Plaintiff's T-BAR LED Smartlight™ product.

27.    Silvio Porciatti assigned all of his right, title, and interest in and to the '385 Patent to JLC-Tech IP, LLC in an executed assignment document, signed on June 29, 2012. The assignment was recorded with the USPTO at Reel 028475, Frame 0723 on July 2, 2012, and a true and accurate copy is attached as Exhibit 2.

28.    JLC-Tech IP LLC duly executed an exclusive licensing agreement with co-owned JLC-Tech LLC bestowing upon JLC-Tech LLC all rights granted by the '385 Patent including the exclusive right to make, use, offer for sale, sell, and/or import into the United States products covered by the '385 Patent. As an exclusive licensee, JLC has the right to seek damages from any infringing actions against the '385 Patent, past, present, or future. *See* Exhibit 10.

29.    JLC is the owner of all right, title, and interest in the asserted patent in this action, U.S. Patent No. 8,177,385.

30.    The '385 Patent is valid and enforceable.

**B.**     *The Three Copyright Registrations Asserted in this Action.*

31.     As part of their advertising and marketing efforts, JLC commissioned photographs and photographic renderings of its T-BAR LED Smartlight™ product as works for hire.

32.     JLC used the photographs and photographic rendering on its website and in physical brochures to advertise and market their new T-BAR LED Smartlight™.

33.     These photographs and photographic rendering are registered with the U.S. Copyright Office.

34.     On March 14, 2017, the U.S. Copyright Office issued JLC a copyright registration certificate for the work entitled "Photograph of Space having T-Bar LED Linear Lighting", as Registration Number VA-2-032-734.  A true and accurate copy of the registration certificate is attached as Exhibit 3.

35.     On March 14, 2017, the U.S. Copyright Office issued JLC a copyright registration certificate for the work entitled "Photograph of Conference Room with T-Bar LED Linear Lighting", Registration Number VA 2-032-918.  A true and accurate copy of the registration certificate is attached as Exhibit 4.

36.     On March 14, 2017, the U.S. Copyright Office issued JLC a copyright registration for the work entitled "2-D Rendering of T-Bar LED Linear Lighting", Registration Number VA 2-033-941. A true and accurate copy of the registration certificate is attached as Exhibit 5.

37.     The three works identified immediately above will be collectively identified as the "JLC Works" in this Complaint.

38.     JLC owns all right, title, and interest in the copyrights for the JLC Works.

**Defendant's Pattern of Targeting and Copying Plaintiff's Intellectual Property**

*A.      Defendant's Product Infringes JLC's Patent Rights*

39.      After JLC established itself as a leader in unique LED lighting products,

Defendant began openly copying JLC's intellectual property – including copying Plaintiff's T-

BAR LED Smartlight™ product, relevant product information, an advertising tagline, and

Plaintiff's product photographs and photo illustration.

40.      For example, from February 28 through March 2, 2017, Defendant was an

exhibitor at a lighting industry show in Anaheim, California.  The show, named the "Strategies in

Light" show is an important event for companies in the lighting business.

41.      Upon information and belief, while exhibiting at the show, Defendant displayed,

advertised and/or offered its "T-Bar Led" for sale.

42.      JLC's belief is supported by the website for the 2017 Strategies in Light show.

The show's website lists Defendant as an exhibitor at the show:



*See*

http://events.pennwell.com/LED2017/Public/eBooth.aspx?IndexInList=0&FromPage=Exhibitors

.aspx&ParentBoothID=&ListByBooth=true&BoothID=500074 (last accessed May 2, 2017).

43.     And upon information and belief, Defendant's infringing "T-bar Led" is identified

as a product that was displayed and offered for sale at the show.



**T-bar Led**
OKT T-BAR LED lightings are available in diffusing cover
and lens options. Diffusing cover model has an added
unique combination of direct and indirect illumination,
enlarging the lumen spread over the entire space while is
perfect for applications... Less Info

*See id.* A true and accurate copy of this website is attached as Exhibit 6.

44.     Upon information and belief, Defendant has and continues to manufacture, use,

offer for sale, sell, and/or import its "T-bar Led" product into the United States.  This product is

produced in two versions: (i) "LED T-Bar Lights with Lens"; and (ii) the "T-Bar LED Lighting

with Diffusing Cover".  True and accurate copes of Defendant's website are attached as Exhibits

7 and 8.

45.     The two versions of Defendant's "T-bar Led" product will be referred to as the

"Accused Products" in this Complaint.

46.     For the reasons set forth herein, upon information and belief, Defendant's

Accused Products infringe one or more claims of the '385 Patent.

**B.     *Defendant's Brochure Infringes JLC's Copyright Rights***

47.     In addition to offering the Accused Products for sale at the Strategies in Light

show, Defendant also created a sales brochure for its Accused Products.

48.     In creating the sales brochure, Defendant copied a photograph that is now the

subject of Copyright Registration Certificate VA 2-032-734.



49.      In another example of Defendant's shameless copying of Plaintiff's intellectual

property, Defendant copied Plaintiff's photographic rendering.  Defendant used a copy of the

rendering, which is the subject of Copyright Registration Certificate VA 2-032-941, on its

website, Facebook and LinkedIn pages.  Defendant's use of the rendering on its website is shown

below:



50.    Finally, Defendant copied JLC's photograph of a "Conference Room with T-Bar LED Linear Lighting", which is the subject of Copyright Registration Certificate VA-2-032-918, and used it on its own website.



**Copyright Infringement of JLC's Photograph of Conference Room with T-Bar LED Linear Lighting (VA 2-032-918)**

| JLC's Registered Photograph | OKT's Infringing Website Use |
|---|---|

51.    In addition to copying Plaintiff's T-BAR LED Smartlight™ product, and the JLC Works, Defendant also copied JLC's advertising tagline for its T-BAR LED Smartlight™ almost verbatim ("Next Generation Green Lighting Solutions" vs. "New Generation Green Lighting Solutions").

From JLC's website, at http://tbarledsmartlight.com/



ECIDA - Buffalo, NY
ARIG Design Group LTD and Architectural Resources PC

Next generation green lighting solutions
for suspended ceiling applications

From Defendant's website, at http://www.oktlighting.com/products-T-bar-led.html



**T-Bar LED Lighting With Diffusing Cover - New Generation Green Lighting Solutions**

Certificate :   UL, DLC

Size :   2FT, 4FT

Wattage Options :   10W, 20W

Input Voltage :   100-277V AC

Dimming :   0-10V Dimming

OKT T-BAR LED lighting with diffusing cover has an added unique combination of direct and indirect illumination, enlarging the lumen spread over the entire space. Seamlessly integrated into standard 15/16" T-bars of suspended ceiling.

52.     Thus, Defendant has in the past, and continues to copy Plaintiff's patented products, copyrighted photographs, and advertising tagline.

53.     Upon information and belief, Defendant's copying was intentional.

**C.     *Defendant's Additional Infringing Conduct***

54.     In addition to Defendant's repeated history of infringement of Plaintiff's intellectual property, Defendant recently announced on its website (http://www.oktlighting.com/)

that it will be an exhibitor at the upcoming 2017 LightFair International Trade Show and

Conference ("LightFair 2017").

55.    LightFair 2017 will be held at the Pennsylvania Convention Center, 1101 Arch

Street, Philadelphia, Pennsylvania from May 7-11, 2017.

56.    Defendant's website announcement states that it will be an exhibitor at LightFair

2017 and that it will be displaying its "led T-bar" product, *i.e.* the Accused Products:



57.     By selecting the "led T-bar" link from Defendant's website, website users are directed to two versions of Defendant's Accused Products (one with a lens, and the other with a diffusing cover):



58.     Defendant's website posting is an offer for sale within the meaning of the patent statutes, 35 U.S.C. § 271.

59.     Further, Defendant has registered as an exhibitor for LightFair 2017 and, upon information and belief, intends to display, advertise, and/or offer for sale one or both of its Accused Products.

60.     Upon information and belief, as part of its attendance at LightFair 2017, Defendant will reproduce, display, and/or distribute JLC's Works, or derivative works based upon JLC's Works.

61.     All this aforementioned conduct has caused and will continue to cause Plaintiff irreparable harm, for which it has no adequate remedy at law.

62.     JLC brings this action to recover for the damages OKT Lighting has caused it, and to stop OKT Lighting from infringing its intellectual property in the future.

## COUNT I – COPYRIGHT INFRINGEMENT
### Infringement of JLC's Three Copyrighted Works under 17 U.S.C. § 501.

63.     JLC incorporates by reference, as if fully set forth herein, Paragraphs 1-62 of this Complaint.

64.     Upon information and belief, Defendant, without license or authorization from JLC, copied, displayed, and made derivative works of the photographs comprising the JLC Works, and continues to do so now.

65.     Defendant's wrongful actions described herein constitute multiple violations of 17 U.S.C. § 501.

66.     Defendant's copyright infringement was willful because the photographs it copied, displayed, and made derivative works from were, upon information and belief, identical copies of the JLC Works and obtained by copying portions of Plaintiff's website.

67.     In addition, Defendant's willful copyright infringement is shown by its course of conduct in repeatedly targeting, and then copying, Plaintiff's intellectual property.

68.     JLC has been injured and damaged, and will continue to be injured and damaged by Defendant's copyright infringement.

69.     JLC has incurred and will continue to incur legal fees and costs in prosecuting this claim.

## COUNT II– PATENT INFRINGEMENT
### Infringement of the '385 Patent under 35 U.S.C. § 271

70.     JLC incorporates by reference, as if fully set forth herein, Paragraphs 1-69 of this Complaint.

71.     Upon information and belief, Defendant makes, uses, offers for sale, sells, and/or imports the Accused Products into the United States. *See* Exhibits 7 and 8.

72.     Each claim limitation of Claims 1, 2, 3, 18, and 19 of the '385 Patent is found in the Accused Products, as shown in the attached claim chart, which is incorporated herein by reference. *See* Exhibit 9.

73.     Thus, under one or more subsections of 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe the '385 Patent by making, using, offering to sell, selling, and/or importing the Accused Products into the United States.

74.     Upon information and belief, Defendant also indirectly infringes the '385 Patent by contributory infringement in selling and/or offering to sell the Accused Products to its customers because the Accused Products are material to practicing the invention, they have no substantial non-infringing uses, and Defendant knows, or should reasonably know, that the Accused Products are especially made or adapted for use in an infringement of the '385 Patent.

75.     Upon information and belief, Defendant also indirectly infringes the '385 Patent by inducing infringement in aiding, instructing, or otherwise acting with the intent to cause acts by its customers that would constitute direct infringement of the '385 Patent, Defendant knew of the '385 Patent, or was willfully blind to its existence, Defendant knew or was willfully blind in consciously ignoring the possibility that its actions would infringe at least one claim of the '385 Patent, and Defendant's customers infringe at least one claim of the '385 Patent.

76.     Because Plaintiff's website contains references to Plaintiff's '385 Patent and Defendant has copied portions of the website, upon information and belief, Defendant is aware, or should be aware, of Plaintiff's '385 Patent.

77.     Defendant's infringement is willful because, upon information and belief, Defendant substantially copied Plaintiff's T-BAR LED Smartlight™ product, and such copying is part of a pattern of copying Plaintiff's intellectual property, as set forth herein.

78.     Defendant's conduct has injured and damaged JLC, and will continue to injure and damage JLC.

### Request for Temporary, Preliminary, and Permanent Injunctive Relief

79.     JLC has no adequate remedy at law available to stop OKT Lighting's continuing unlawful conduct.  Unless restrained, Defendant will continue to violate JLC's rights, abuse and dissipate JLC's goodwill, and unlawfully use, possess, and exploit JLC's intellectual property.

80.     Likewise, the balance of the harm favors JLC and an injunction would be in the public's interest.  OKT Lighting has willfully engaged in, and continues to willfully engage in, the acts complained of with oppression, fraud, malice, and in conscious disregard of JLC's rights.

### PRAYER FOR RELIEF

**WHEREFORE,** JLC prays for judgment against Defendant as follows:

A.     Temporarily and permanently enjoin Defendant and any person acting in concert with it from:

    a.  further infringement of U.S. Patent No. 8,177,385 pursuant to 35 U.S.C. § 283;

    b.  further infringement of JLC's copyright in JLC's Works;

      c.   assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (b) above or taking any action that contributes to any of the activities referred to in subparagraphs (a) and (b) above;

B.     Issue an Order prohibiting Defendant from:

      a.   making, using, selling, offer for sale, and/or importing into the United States the t-bar led;

      b.   from using, selling, offering for sale, or displaying the t-bar led at LightFair International from May 7-11, 2017; and,

      c.   displaying any works that infringe JLC's copyrights in the JLC Works at LightFair International from May 7-11, 2017.

C.     Require Defendant to forfeit all products and materials that infringe JLC's intellectual property rights to JLC;

D.     Declare that Claims 1, 2, 3, 18, and 19 of U.S. Patent No. 8,177,385 are valid, enforceable, and infringed by Defendant;

E.     Award JLC actual damages pursuant to 35 U.S.C. § 284 in the amount adequate to compensate for Defendant's infringement of U.S. Patent No. 8,177,385; said amount, upon information and belief, is not less than $500,000. In the alternative, award Plaintiff a reasonable royalty for the use Defendant has made of Plaintiff's invention;

F.     Award JLC actual and/or statutory damages for Defendant's infringement of JLC's Works pursuant to 17 U.S.C. § 504;

G.     Find that Defendant's infringement of the copyright for the JLC Works was willful and award $150,000 statutory damages per each of the three works, for a total of $450,000, to the extent permitted under 17 U.S.C. § 504;

H.     Order Defendant, at its own expense, recall any and all products that bear any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of the T-BAR LED Smartlight™ and/or JLC's Works from any distributors, retailers, vendors, or others to whom Defendant has distributed or sold such products, and that such recall notices and other actions be taken within five (5) days after service of judgment with notice of entry thereof;

I.     Order Defendant to deliver up for destruction all goods, advertising, literature and other forms of promotional material containing the Accused Products and/or JLC's Works;

J.     Order the impounding and destruction of all of Defendant's products that infringe U.S. Patent No. 8,177,385;

K.     Award JLC treble damages pursuant to 35 U.S.C. § 284;

L.     Find the case to be exceptional pursuant to 28 U.S.C. § 285 and award appropriate relief thereunder;

M.     Award JLC its reasonable attorney's fees;

N.     Award JLC its costs and interest;

O.     Order Defendant to report their compliance with the foregoing to this Court within thirty (30) days of judgment; and,

P.     For such other and further relief that the Court deems just and proper under the circumstances.

Date: May 4, 2017

Respectfully submitted,

**Ansa Assuncao, LLP**

By: _____

Michael E. Bonner, PA ID #208481
michael.bonner@ansalaw.com

ANSA ASSUNCAO, LLP
1600 JFK Boulevard, Suite 900
Philadelphia, PA 19103
(267) 528-0750
(267) 528-0726 (fax)

*Attorneys for Plaintiffs*

**Thompson Coburn LLP**

By: /s/ *David B. Jinkins*_____
David B. Jinkins – *pro hac vice* to be filed
djinkins@thompsoncoburn.com
Matthew A. Braunel – *pro hac vice* to be filed
mbraunel@thompsoncoburn.com
Michael L. Nepple – *pro hac vice* to be filed
mnepple@thompsoncoburn.com

THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
(314) 552-7000 (fax)

*Attorneys for Plaintiffs*